ROBERT C. SCHLEIN
California State Bar No. 97876
401 "B" Street, Suite 2209
San Diego, CA 92101
Telephone: (619) 235-9026
Email: robert@rcslaw.org

*Attorney for EZEQUIEL MANZO-GAITAN*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HONORABLE JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case: 08CR00094-JLS |
| Plaintiff, ) | Date: February 15, 2008 |
| ) | Time: 1:30 p.m. |
| v. ) | |
| ) | STATEMENT OF FACTS AND |
| EZEQUIEL MANZO-GAITAN, ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF |
| Defendant. ) | DEFENDANT'S MOTIONS |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, AND REBECCA KANTER, ASSISTANT UNITED STATES ATTORNEY:

## I.

## STATEMENT OF FACTS

The following statement of facts is based, in part, on materials received from the government. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard. Defendant MANZO-GAITAN is named in a single count indictment, dated January 9, 2008, alleging that he is a deported alien found in the United States after previously being deported, as follow:

**Count 1**

"On or about December 24, 2007, within the Southern District Of California, defendant EZEQUIEL MANZO-GAITAN, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Sections

Memorandum of Points and Authorities in Support of Defendant's Motions to Compel Discovery and Grant Leave to File Further Motions

1

1  1326(a) and (b).

2  It is further alleged that defendant EZEQUIEL MANZO-GAITAN was removed from the
3  United States subsequent to May 20, 1999."

4  This charge was filed against Defendant MANZO-GAITAN pursuant to his arrest on
5  December 24, 2007.  The government alleges that the following facts are the basis for his arrest: At
6  approximately 11:55 P.M., the RVSS (Remote Video Surveillance System) operator advised via agency
7  radio a group of individuals running north from the Primary border fence near the area commonly
8  known as "Libertad". This area is approximately two miles east of the San Ysidro, California, Port of
9  Entry. While performing All Terrain Vehicle (ATV) operations, Senior Patrol Agent J. Nesbit,
10 responded to the area. The government alleges that defendant EZEQUIEL MANZO-GAITAN and a
11 partner attempted to return south into Mexico after the arrival of Agent Nesbit. After a short pursuit,
12 Agent Nesbit conducted an immigration inspection on both individuals. Allegedly without proper
13 documents, Agent Nesbit arrested both individuals and transported them to the Imperial Beach Border
14 Patrol Station for processing.

15 Defendant MANZO-GAITAN contends that the government's factual version of his
16 arrest is incorrect.  The Defendant has stated that his arrest happened as follows: He and a friend were
17 hanging out in Tijuana, near a portion of the border fence, drinking beer.  He began urinating on the
18 border fence which separate the United States and Mexico, which caught the attention of a passing
19 border patrol agent on the United States side.  Defendant MANZO-GAITAN contends that the Border
20 Patrol Agent apparently was angered by this, and grabbed the Defendant over the fence and began
21 pulling him into the United States.  MANZO-GAITAN was being pulled over the fence by one arm by a
22 USBP Agent, while his friend attempted to pull his other arm to keep him in Mexico.  Eventually the
23 USBP Agent won this tug-of-war, but as a result of his actions, the Defendant sustained deep abrasions
24 and lacerations to his arm, which were observed and noted in his initial interview with defense counsel.
25 //
26 //
27 //
28

II.

MOTION TO COMPEL DISCOVERY

Defendant moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. See generally Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1) The Defendant's Statements. The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) Arrest Reports, Notes and Dispatch Tapes. The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B), Fed. R. Crim. P. 26.2, and Fed. R. Crim. P. 12(h). Preservation of rough notes is requested, whether or not the government deems

1  them discoverable.

2      (3) <u>Brady Material</u>.  Defendant requests all documents, statements, agents' reports, and
3  tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of
4  the government's case.  Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the
5  definition of evidence favorable to the accused.  <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United
6  States v. Agurs</u>, 427 U.S. 97 (1976).

7      (4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>.  As
8  discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  This
9  request includes any cooperation or attempted cooperation by the defendant, as well as any information
10 that could affect any base offense level or specific offense characteristic under Chapter Two of the
11 Guidelines.  Also included in this request is any information relevant to a Chapter Three adjustment, to a
12 determination of the defendant's criminal history, or to any other application of the Guidelines.

13     (5) <u>Any Information That May Result in a Lower Sentence Under 18 U.S.C. § 3553</u>.
14 After *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Guidelines are merely advisory
15 and federal sentencing is governed by 18 U.S.C. § 3553, which requires a judge to consider "any
16 information about the nature of the circumstances of the offense."  18 U.S.C. § 3553(a)(1).  This broad
17 range of judicial discretion, combined with the mandate that "[n]o limitation shall be placed on the
18 information concerning the background, character, and conduct of a person convicted of an offense
19 which a court of the United States may receive and consider for the purpose of imposing an appropriate
20 sentence," 18 U.S.C. § 3661, means that any information whatsoever may be "material … to
21 punishment," <u>Brady</u>, 373 U.S. at 87,  whether or not the government deems it discoverable.

22     (6) <u>The Defendant's Prior Record</u>.  Evidence of prior record is available under Fed. R.
23 Crim. P. 16(a)(1)(D).  Counsel specifically requests that the copy be complete and legible.

24     (7) <u>Any Proposed 404(b) Evidence</u>.  Evidence of prior similar acts is discoverable under
25 Fed. R. Crim. P. 16(a)(1)(E) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b),
26 "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . .
27 of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid.
28

404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(8) <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

(9) <u>Request for Preservation of Evidence</u>. The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, the results of any fingerprint analysis, alleged narcotics, the defendant's personal effects, the vehicle, and any other evidence seized from the defendant, or any third party. It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

(10) <u>Tangible Objects</u>. The defense requests, under Fed. R. Crim. P. 16(a)(1)(E) the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.

(11) <u>Evidence of Bias or Motive to Lie</u>. The defense requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988).

(12) <u>Impeachment evidence</u>. Defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under <u>Brady v. Maryland</u>. <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

1    (13) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defense
2 requests any evidence that any prospective witness is under investigation by federal, state or local
3 authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

4    (14) <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>. Defendant
5 requests any evidence, including any medical or psychiatric report or evaluation, tending to show that
6 any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and
7 any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an
8 alcoholic. <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d
9 213, 224 (4th Cir. 1980).

10    (15) <u>Witness Addresses</u>. The defense requests the name and last known address of each
11 prospective government witness. <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United
12 States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is
13 ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979), <u>overruled on other grounds by
14 Luce v. United States</u>, 469 U.S. 38 (1984) (defense has equal right to talk to witnesses). The defendant
15 also requests the name and last known address of every witness to the crime or crimes charged (or any
16 of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.
17 <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

18    (16) <u>Name of Witnesses Favorable to the Defendant</u>. The defense requests the name of
19 any witness who made any arguably favorable statement concerning the defendant or who could not
20 identify him or who was unsure of his identity, or participation in the crime charged. <u>Jackson v.
21 Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980);
22 <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir. 1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979).

23    (17) <u>Statements Relevant to the Defense</u>. The defense requests disclosure of any
24 statement that may be "relevant to any possible defense or contention" that he might assert. <u>United
25 States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982). This would include Grand Jury transcripts which are
26 relevant to the defense motion to dismiss the indictment.

27    (18) <u>Jencks Act Material</u>. The defense requests all material to which defendant is
28

1 entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch
2 tapes.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness'
3 interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  Campbell v.
4 United States, 373 U.S. 487, 490-92 (1963).

5 (19) Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the
6 defendant requests all statements and/or promises, expressed or implied, made to any government
7 witnesses, in exchange for their testimony in this case, and all other information which could arguably
8 be used for the impeachment of any government witnesses.

9 (20) Reports of Scientific Tests or Examinations.  Pursuant to Fed. R. Crim. P.
10 16(a)(1)(F), the defendant requests the reports of all tests and examinations conducted upon the
11 evidence in this case.  Including, but not limited to, any fingerprint testing done upon any evidence
12 seized in this case, that is within the possession, custody, or control of the government, the existence of
13 which is known, or by the exercise of due diligence may become known, to the attorney for the
14 government, and which are material to the preparation of the defense or are intended for use by the
15 government as evidence in chief at the trial.

16 (21) Henthorn Material.  The defendant  requests that the prosecutor review the
17 personnel files of the officers involved in his arrest, and those who will testify, and produce to him any
18 exculpatory information at least two weeks prior to trial and one week prior to the motion hearing. This
19 includes all citizen complaints and other related internal affairs documents involving any of the
20 immigration officers or other law enforcement officers who were involved in the investigation, arrest
21 and interrogation of defendant.  See United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  In addition,
22 he requests that if the government is uncertain whether certain information is to be turned over pursuant
23 to this request, that it produce such information to the Court in advance of the trial and the motion
24 hearing for an in camera inspection.

25 (22) Informants and Cooperating Witnesses.  The defense requests disclosure of the
26 names and addresses of any informants or cooperating witnesses used or to be used in this case.  The
27 government must disclose the informant's identity and location, as well as disclose the existence of any
28

1  other percipient witness unknown or unknowable to the defense. Roviaro v. United States, 353 U.S. 53,
2  61-62 (1957). The defense also requests disclosure of any information indicating bias on the part of any
3  informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information
4  would include what, if any, inducements, favors, payments, or threats were made to the witness to
5  secure cooperation with the authorities.

6      (23) Expert Witnesses. Pursuant to Fed. R. Crim. P. 16(a)(1)(G), the defendant requests
7  a written summary of the expert testimony that the government intends to use at trial, including a
8  description of the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses'
9  qualifications.

10      (24) Residual Request. The defense intends by this discovery motion to invoke his
11  rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the
12  Constitution and laws of the United States. This request specifically includes all subsections of Rule 16.
13  Defendant requests that the government provide him and his attorney with the above requested material
14  sufficiently in advance of trial.

15  III.

16  MOTION FOR LEAVE TO FILE FURTHER MOTIONS

17      At the time of preparation of these motions, EZEQUIEL MANZO-GAITAN and defense
18  counsel have not yet received discovery from the government. As additional information comes to light
19  the defense may find it necessary to file further motions. It is, therefore, requested that defense counsel
20  be allowed the opportunity to file further motions based upon information gained through the discovery
21  process.
22  //
23  //
24  //
25  //
26  //
27  //
28

CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant the above motions.

Respectfully submitted,

Dated: January 18, 2008             /s/ROBERT C. SCHLEIN
                                    Robert C. Schlein
                                    Attorney-at-Law
                                    Attorney for Defendant MANZO-GAITAN
                                    robert@rcslaw.org

Memorandum of Points and Authorities in Support of Defendant's Motions to Compel Discovery and Grant Leave to File Further Motions

9