KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
Assistant U.S. Attorney
California State Bar No. 230257
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-6747
Fax: (619) 235-4716
E-mail: rebecca.kanter@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EZEQUIEL MANZO-GAITAN, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> ) <br> ) | Criminal Case No. 08cr0094-JLS <br><br> **GOVERNMENT'S MOTION FOR:** <br><br> **(1) FINGERPRINT EXEMPLARS** <br> **(2) RECIPROCAL DISCOVERY** <br><br> **TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date:   March 7, 2008 <br> Time:  1:30 p.m. <br> Court: The Hon. Janis L. Samartino |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Rebecca S. Kanter, and hereby files its Motion for Fingerprint Exemplars and Reciprocal Discovery in the above-referenced case. This Motion is based upon the files and records of this case, together with the attached Statement of Facts and Memorandum of Points and Authorities.

/ /

//

//

//

Criminal Case No. 08cr0094-JLS

# I

# STATEMENT OF FACTS

## A. Defendant's Apprehension

On December 24, 2007, at about 11:55 p.m., Senior Border Patrol Agent Joel Nesbit responded to a Remote Video Surveillance System ("RVSS") report of a group of suspected undocumented aliens running north from the primary international boundary fence near "La Libertad." This area is approximately two miles east of the San Ysidro Port of Entry and adjacent to the international boundary fence. When Agent Nesbit arrived at the scene, the group of individuals attempted to return south in Mexico. After a short pursuit, Agent Nesbit detained two individuals, including an individual later identified as Ezequiel Manzo-Gaitan ("Defendant"). The Defendant admitted to being a citizen and national of Mexico with no documents to legally remain in the United States. Defendant was transported to the Imperial Beach Border Patrol Station for processing.

At approximately 12:40 a.m. on December 25, 2007, after being transported to the border patrol station, Defendant began to complain of pain on his inner right arm due to lacerations he sustained while climbing over the primary fence and collapsed in the processing area. He was transported to the UCSD hospital emergency room where he was treated for his arm injuries and claims of tuberculosis. He was released from the hospital and transported back to the Imperial Beach Border Patrol Station at about 6:30 a.m.

## B. Defendant's Criminal and Immigration History

Defendant has numerous arrests and convictions in the Southern District of California. In January, 1997, Defendant was convicted under the name Armando Rodriguez-Hernandez of Illegal Re-entry in violation of Title 8, United States Code, Section 1326, for which he received a two-year term of imprisonment from The Honorable Rudi M. Brewster.

Defendant's other prior convictions include an April, 1989, conviction in the California Superior Court in San Diego for Possession of a Controlled Substance for Sale in violation of California Health & Safety Code Section 11351, for which he received a sentence of three-years imprisonment after his probation was revoked. In January, 1991, Defendant sustained a conviction in the California Superior Court in San Diego for Possession/Purchase Cocaine Base For Sale in violation of California Health &

Safety Code Section 11351.5, for which he received a five-year term of imprisonment.

Defendant also has prior convictions for Evading a Peace Officer in Disregard for Safety (in violation of California Vehicular Code 2800.2(a)) and False Identification to a Peace Officer (in violation of California Penal Code 148.9.)

Defendant appeared before an Immigration Judge for a deportation hearing on June 7, 1993, and was physically removed from the United States to Mexico on June 8, 1993. Defendant was most recently physically removed to Mexico on November 14, 2007, approximately six weeks before the instant offense.

**C.    Defendant's Post-Miranda Confession**

On December 26, 2007, at approximately 8:30 a.m., Defendant waived his Miranda rights and agreed to be interviewed by Supervisory Border Patrol Agent Roberto Del Villar. Defendant stated that his true name was Francisco Mujia-Cleto, but admitted that he has previously used the name Armando Rodriguez-Fernandez. Defendant stated he was born in Veracruz, Mexico. He stated that he is a citizen and national of Mexico with no documents allowing him to legally remain in the United States. Defendant further stated that he has been previously deported by an immigration judge, and that he entered the United States by jumping the International Boundary Fence on December 24, 2007 at around midnight.

**II**

**UNITED STATES' MOTIONS**

**A.    FINGERPRINT EXEMPLARS**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). The privilege against self-incrimination only applies to testimonial evidence. See Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969).

**B.     RECIPROCAL DISCOVERY**

The Government has and will continue to fully comply with its discovery obligations. On January 22, 2008, the Government produced 80 pages of discovery which included the reports from the Border Patrol Agents, summaries of the statements made by Defendant, documentation regarding Defendant's criminal history and conviction documents. On February 1, 2008, the Government produced one DVD recording of Defendant's post-Miranda confession. The Government has requested Defendant's A-File, and will provide the audiotape from Defendant's June 7, 1993, hearing before an Immigration Judge as soon as it is available. Furthermore, the Government will request that the arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or that may be material to the defense. The Government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2. Rule 16(b)(2) requires Defendant to disclose to the United States all exhibits and documents which Defendant "intends to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

### III

### CONCLUSION

For the foregoing reasons, the Government requests that the Court grant the Government's motion for reciprocal discovery and compelling the Defendant to provide a fingerprint exemplar.

DATED: February 5, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/*Rebecca Kanter*
REBECCA S. KANTER
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

4                   Criminal Case No. 08cr0094-JLS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08cr0094-JLS |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| EZEQUIEL MANZO-GAITAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **MOTION FOR FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert Schlein

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 5, 2008.

                                                                /s/ ***Rebecca Kanter***
                                                                REBECCA S. KANTER