1  KAREN P. HEWITT
   United States Attorney
2  REBECCA S. KANTER
   Assistant United States Attorneys
3  California Bar Numbers 230257
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6747
   Facsimile: (619) 235-2757
6
   Attorneys for Plaintiff
7  United States of America

8                       **UNITED STATES DISTRICT COURT**

9                       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 UNITED STATES OF AMERICA,            )  Criminal Case No. 08CR0094-JLS
                                        )
12                                      )  **UNITED STATES' MOTIONS IN LIMINE**
                                        )  **TO:**
13                                      )
                  Plaintiff,            )  **(1)  ADMIT A-FILE DOCUMENTS**
14                                      )  **(2)  PROHIBIT DEFENDANT FROM**
           v.                           )       **CHALLENGING HIS PRIOR ORDER**
15                                      )       **OF DEPORTATION**
                                        )  **(3)  ADMIT EXPERT TESTIMONY**
16                                      )  **(4)  ADMIT EVIDENCE UNDER RULE 609**
   EZEQUIEL MANZO-GAITAN,               )       **TO IMPEACH**
17                                      )  **(5)  EXCLUDE EVIDENCE OF PRIOR**
                                        )       **RESIDENCY**
18                Defendant.            )  **(6)  EXCLUDE EVIDENCE OF AGE,**
                                        )       **POTENTIAL PUNISHMENT, ETC.**
19                                      )  **(7)  EXCLUDE WITNESSES**
                                        )  **(8)  PRECLUDE DEFENSE EXPERT**
20 _____   )       **WITNESSES**
                                           **(9)  COMPEL RECIPROCAL DISCOVERY**
21
                                           Date:       August 8, 2008
22                                         Time:       9:00 a.m.
                                           Courtroom:  6
23                                         The Honorable Janis L. Sammartino

24      Plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States

25 Attorney, and Rebecca Kanter, Assistant United States Attorney, hereby files its Motions *in Limine*.

26 These motions are based upon the files and records of the case together with the attached statement of

27 facts and memorandum of points and authorities.

28 //

**I.**

**STATEMENT OF FACTS**

**A.     DEFENDANT'S APPREHENSION**

On December 24, 2007, at about 11:55 p.m., Senior Border Patrol Agent Joel Nesbit responded to a Remote Video Surveillance System ("RVSS") report of a group of suspected undocumented aliens running north from the primary international boundary fence near "La Libertad." This area is approximately two miles east of the San Ysidro Port of Entry and adjacent to the international boundary fence. When Agent Nesbit arrived at the scene, the group of individuals attempted to return south in Mexico. After a short pursuit, Agent Nesbit detained two individuals, including an individual later identified as Ezequiel Manzo-Gaitan ("Defendant"). The Defendant admitted to being a citizen and national of Mexico with no documents to legally remain in the United States. Defendant was transported to the Imperial Beach Border Patrol Station for processing.

At approximately 12:40 a.m. on December 25, 2007, after being transported to the border patrol station, Defendant began to complain of pain on his inner right arm due to lacerations he sustained while climbing over the primary fence and collapsed in the processing area. He was transported to the UCSD hospital emergency room where he was treated for his arm injuries and claims of tuberculosis. He was released from the hospital and transported back to the Imperial Beach Border Patrol Station at about 6:30 a.m.

**B.     DEFENDANT'S CRIMINAL AND IMMIGRATION HISTORY**

Defendant has numerous arrests and convictions in the Southern District of California. In January, 1997, Defendant was convicted under the name Armando Rodriguez-Hernandez of Illegal Re-entry in violation of Title 8, United States Code, Section 1326, for which he received a two-year term of imprisonment from The Honorable Rudi M. Brewster.

Defendant's other prior convictions include an April, 1989, conviction in the California Superior Court in San Diego for Possession of a Controlled Substance for Sale in violation of California Health & Safety Code Section 11351, for which he received a sentence of three-years imprisonment after his probation was revoked. In January, 1991, Defendant sustained a conviction in the California Superior Court in San Diego for Possession/Purchase Cocaine Base For Sale in violation of California Health &

Safety Code Section 11351.5, for which he received a five-year term of imprisonment. Most recently, Defendant sustained a prior convictions in the California Superior Court in San Diego for Evading a Peace Officer in Disregard for Safety in violation of California Vehicular Code 2800.2(a), for which he received a sentence of two years. In 1994, Defendant sustained a misdemeanor conviction in the California Superior Court in San Diego of False Identification to a Peace Officer in violation of California Penal Code 148.9, for which he received three years probation.

Defendant appeared before an Immigration Judge for a deportation hearing on June 7, 1993, and was physically removed from the United States to Mexico on June 8, 1993. Defendant was most recently physically removed to Mexico on November 14, 2007, approximately six weeks before the instant offense.

**C.    DEFENDANT'S STATEMENT**

On December 26, 2007, at approximately 8:30 a.m., Defendant waived his Miranda rights and agreed to be interviewed by Supervisory Border Patrol Agent Roberto Del Villar. Defendant stated that his true name was Francisco Mujia-Cleto, but admitted that he has previously used the name Armando Rodriguez-Fernandez. Defendant stated he was born in Veracruz, Mexico. He stated that he is a citizen and national of Mexico with no documents allowing him to legally remain in the United States. Defendant further stated that he has been previously deported by an immigration judge, and that he entered the United States by jumping the International Boundary Fence on December 24, 2007 at around midnight.

**II**

**UNITED STATES' MOTIONS IN LIMINE**

**A.    THE COURT SHOULD ADMIT A-FILE DOCUMENTS**

1.    A-File Documents are Admissible as Public Records or Business Records

The United States intends to offer documents maintained by the former Immigration and Nationalization Service and current Department of Homeland Security pertaining to Defendant. The agency maintains an "A-file" or "Alien-file" on Defendant, which contains documents reflecting most of Defendant's immigration encounters. The United States moves to introduce "A-File" documents to establish Defendant's alienage, prior deportation, and his failure to seek or obtain authorization from

1  the Attorney General. The documents are self-authenticating "public records," Fed. R. Evid. 803(8)(B),
2  or, alternatively, "business records." Fed. R. Evid. 803(6).

3        The Ninth Circuit has addressed the admissibility of A-File documents in <u>United States v. Loyola
4  Dominguez</u>, 125 F.3d 1315 (9th Cir. 1997). In <u>Loyola Dominguez</u>, the defendant appealed his § 1326
5  conviction, arguing, among other issues, that the district court erred in admitting at trial certain records
6  from the illegal immigrant's "A File." <u>Id.</u> at 1317. The district court had admitted: (1) a warrant of
7  deportation; (2) a prior warrant for the defendant's arrest; (3) a prior deportation order; and (4) a prior
8  warrant of deportation. Loyola Dominguez argued that admission of the documents violated the rule
9  against hearsay and denied him his Sixth Amendment right to confront witnesses. The Ninth Circuit
10 rejected his arguments, holding that the documents were properly admitted as public records. <u>Id.</u> at
11 1318. The court first noted that documents from a defendant's immigration file, although "made by law
12 enforcement agents, . . . reflect only 'ministerial, objective observation[s]' and do not implicate the
13 concerns animating the law enforcement exception to the public records exception." <u>Id.</u> (quoting <u>United
14 States v. Hernandez-Rojas</u>, 617 F.2d 533, 534-35 (9th Cir. 1980)). The court also held that such
15 documents are self-authenticating and, therefore, do not require an independent foundation. <u>Id.</u>

16       <u>Loyola-Dominguez</u> is simply among the more recent restatements of the public-records and
17 business-records rules. Courts in this Circuit have consistently held that documents from a defendant's
18 immigration file are admissible in a § 1326 prosecution to establish the defendant's alienage and prior
19 deportation. <u>See</u> <u>United States v. Mateo-Mendez</u>, 215 F.3d 1039, 1042-45 (9th Cir. 2000) (district court
20 properly admitted certificate of nonexistence as absence of a public record); <u>United States v. Sotelo</u>, 109
21 F.3d 1446, 1449 (9th Cir. 1997) (holding warrant of deportation admissible to prove alienage); <u>United
22 States v. Contreras</u>, 63 F.3d 852, 857 (9th Cir. 1995) (district court properly admitted warrant of
23 deportation as public record); <u>United States v. Hernandez-Rojas</u>, 617 F.2d at 535 (district court properly
24 admitted warrant of deportation as public record).

25       2.    <u>A Certificate of Non-existence Does not Violate the Confrontation Clause</u>

26       The United States moves to introduce a Certificate of Non-existence of Record ("CNR"),
27 prepared by an authorized official at the Department of Homeland Security and certifying that there are
28 no records in any of the Department's databases, files, or archives that Defendant has ever applied for,

or been granted, permission to reenter the United States following his deportation. The Ninth Circuit has held that a CNR is not "testimonial" within the meaning of Crawford v. Washington, 124 S. Ct. 1354 (2004) and therefore that its admission into evidence does not violate the Confrontation Clause of the United States Constitution.   See United States v. Cervantes-Flores, 421 F.3d 825, 831-33 (9th Cir. 2005); Sotelo, 215 F.3d 1039, 1042-43.

**B.    THE COURT SHOULD PROHIBIT DEFENDANT FROM COLLATERALLY ATTACKING HIS PRIOR DEPORTATION ORDER AT TRIAL**

Defendant has not challenged the lawfulness of his prior deportation proceeding. Thus, Defendant should be barred from raising the issue at trial. Although a criminal defendant can move to challenge the lawfulness of his prior deportation, this can only happen at the motion stage, not at trial. In United States v. Alvarado-Delgado, 98 F.3d 492 (9th Cir. 1996), the Ninth Circuit held that at trial the government does not have to prove the lawfulness of the prior deportation because lawfulness of the prior deportation is not an element of the offense.  The Government need only prove is that the defendant was actually deported.

Based on Alvarado-Delgado and similar decisions, any evidence of the lawfulness of the prior deportation is irrelevant since it is not an element of the offense.  Because Defendant has had the opportunity but has failed to challenge the validity of his prior deportation, he should not be permitted to make the challenge in front of the jury.

**C.    THE COURT SHOULD ADMIT EXPERT TESTIMONY**

The United States moves to admit testimony of a fingerprint expert to identify Defendant as the person who was previously deported from the United States on November 14, 2007, and found in the United States on December 24, 2007. The United States will provide notice of its intent to call Lisa DiMeo as an expert and provided Defendant with a summary of Ms. DiMeo's qualifications.

If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed. R. Evid. 702. Determining whether expert testimony would assist the trier-of-fact in understanding the facts at issue is within the sound discretion of the trial judge. See United States v. Alonso, 48 F.3d 1536, 1539 (9th Cir. 1995); United States v. Lennick, 18 F.3d 814, 821 (9th Cir. 1994). An expert's opinion

may be based on hearsay or facts not in evidence where the facts or data relied upon are of the type reasonably relied upon by experts in the field. Fed. R. Evid. 703. In addition, an expert may provide opinion testimony even if the testimony embraces an ultimate issue to be decided by the trier-of-fact. Fed. R. Evid. 704. Here, the fingerprint expert's testimony will assist the triers-of-fact in determining whether the deportation and found-in evidence relate to the individual in the courtroom. Defendant has been provided notice of the United States' expert and a copy of her curriculum vitae. As soon as the report of her conclusions is available, it will be sent to Defendant in advance of trial.

Because the evidence goes to the essential question of identity, this expert testimony should be admitted.

### D.   THE COURT SHOULD ADMIT 609 EVIDENCE

Should Defendant testify, the United States intends to inquire about Defendant's felony convictions for Evading a Peach Officer and Disregard for Savety, in violation of California Vehicle Code § 2800.2(a). Should Defendant choose to testify, the Government will only seek to offer evidence of the date and fact of Defendant's felony conviction.

Federal Rule of Evidence 609(a) provides in pertinent part:

> For purposes of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, <u>and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused</u>; and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

Fed. R. Evid. 609(a) (emphasis added).

The Ninth Circuit has set forth five factors that the district court should balance in making the determination required by Rule 609. <u>United States v. Browne</u>, 829 F.2d 760, 762-63 (9th Cir. 1987). Specifically, the court must consider: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. <u>Id.</u> at 762-63. <u>See also</u> <u>United States v. Hursh</u>, 217 F.3d 761 (9th Cir. 2000).

1    The five Browne factors weigh in favor of admissibility with regard to this conviction. First, the impeachment value of Defendant's felony conviction is high. His conviction show a significant disregard for the laws of the United States and law enforcement personnel. As Rule 609 recognizes, convictions for serious felonies cast doubt on a defendant's honesty, and therefore have significant impeachment value. Second, the felony conviction occurred within the last ten years, as contemplated by Rule 609. Third, the prior conviction is dissimilar and the risk of prejudice, particularly if the nature of the felonies are sanitized, is low. Fourth, the importance of Defendant's testimony is crucial in a case such as this, where Defendant would presumably be called to testify only if he intended to claim that he was a citizen or had received the permission of the United States Attorney General to enter the country or that he didn't enter voluntarily. Finally, because such defenses could only plausibly be developed through the Defendant's own testimony, his credibility in asserting such alleged facts would be central to the case. The Government also notes that whatever risk of unfair prejudice exists can be adequately addressed by means of an appropriate limiting instruction.    Accordingly, the United States should be allowed to introduce evidence of Defendant's prior felony convictions under Rule 609 if Defendant elects to testify at trial.

### E.    THE COURT SHOULD EXCLUDE EVIDENCE OF PRIOR RESIDENCY

The Court should preclude Defendant from introducing evidence at trial of any former residence in the United States, legal or illegal. Such evidence is not only prejudicial, but irrelevant and contrary to Congressional intent.

In United States v. Ibarra, 3 F.3d 1333, 1334 (9th Cir. 1993) overruled on other grounds by United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996), the district court granted the United States' motion *in limine* to preclude Ibarra from introducing "evidence of his prior legal status in the United States, and the citizenship of his wife, mother and children" in a Section 1326 prosecution. The Ninth Circuit affirmed, reasoning that, because Ibarra had failed to demonstrate how the evidence could possibly affect the issue of his alienage, the district court properly excluded it as irrelevant. Id.

Similarly, in United States v. Serna-Vargas, 917 F. Supp. 711 (C.D. Cal. 1996), the defendant filed a motion *in limine* to introduce evidence of what she termed "de facto" citizenship as an affirmative defense in a Section 1326 prosecution. Id. at 711. Specifically, she sought to introduce evidence of the

involuntariness of her initial residence; her continuous residency since childhood; her fluency in the English language; and the legal residence of immediate family members. Id. at 712. The court denied the motion, noting that "none of these elements are relevant to the elements that are required for conviction under § 1326." Id. The court also noted that admission of the evidence would run "contrary to the intent of Congress," because "the factors that [the defendant] now seeks to present to the jury are ones that she could have presented the first time she was deported." Id. In particular, "under the scheme envisioned by Congress, an alien facing deportation may present evidence of positive equities only to administrative and Article III judges, and not to juries." Id. (emphasis added). Accordingly, evidence to residency and difficulty of surviving in Mexico should be excluded.

**F.    MOTION TO EXCLUDE EVIDENCE AND ARGUMENT REFERRING TO DEFENDANT'S AGE, FINANCES, EDUCATION AND POTENTIAL PUNISHMENT**

Defendant may attempt to introduce evidence about his age, finances or education. This information is irrelevant to this case and should be excluded. Such evidence is not only irrelevant and unfairly prejudicial, but a blatant play for sympathy and jury nullification as well. "Evidence which is not relevant is not admissible," (Fed. R. Evid. 402), and the jury should "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy." Ninth Cir. Model Jury Instructions, § 3.1 (2003).

Defense counsel may wish to mention Defendant's potential penalties to the jury. Information about penalty and punishment draws the attention of the jury away from their chief function as the sole judges of the facts, opens the door to compromise verdicts, and confuses the issues to be decided. See United States v. Olano, 62 F.3d 1180, 1202 (9th Cir. 1995); United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991). In federal court, the jury is not permitted to consider punishment in deciding whether the United States has proved its case against the defendant beyond a reasonable doubt. 9th Cir. Crim. Jury Instr. §7.4 (2003). Any such argument or reference would be an improper attempt to have the jury unduly influenced by sympathy for the defendant and prejudice against the United States.

The United States respectfully requests this Court to preclude any mention of possible penalty and/or felony designation at any point during the trial.

//

**G.   THE COURT SHOULD EXCLUDE WITNESSES DURING TRIAL WITH THE EXCEPTION OF THE GOVERNMENT'S CASE AGENT**

Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial. The case agent in the present matter has been critical in moving the investigation forward to this point and is considered by the United States to be an integral part of the trial team. The United States requests that Defendant's testifying witnesses be excluded during trial pursuant to Rule 615.

**H.   THE COURT SHOULD PRECLUDE ANY EXPERT TESTIMONY BY DEFENSE WITNESSES**

The United States has requested reciprocal discovery. The United States is permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of Defendant, which Defendant intends to introduce as evidence in his case-in-chief at trial or which were prepared by a witness whom Defendant intends to call at trial. Moreover, Defendant must disclose written summaries of testimony that Defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial. The summaries are to describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications. Defendant has provided neither notice of any expert witness, nor any reports by expert witnesses. Accordingly, Defendant should not be permitted to introduce any expert testimony.

If the Court determines that Defendant may introduce expert testimony, the United States requests a hearing to determine this expert's qualifications and relevance of the expert's testimony pursuant to Federal Rule of Evidence 702 and Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999). See United States v. Rincon, 11 F.3d 922 (9th Cir. 1993) (affirming the district court's decision to not admit the defendant's proffered expert testimony because there had been no showing that the proposed testimony related to an area that was recognized as a science or that the proposed testimony would assist the jury in understanding the case); see also United States v. Hankey, 203 F.3d 1160, 1167 (9th Cir.), cert. denied, 530 U.S. 1268 (2000).

//

//

**I.       UNITED STATES' RENEWED MOTION FOR RECIPROCAL DISCOVERY**

The Court granted the United States' request for reciprocal discovery. As of the date of these motions, Defendant has produced no reciprocal discovery. The United States requests that Defendant comply with Rule 16(b) of the Federal Rules of Criminal Procedure, as well as Rule 26.2 which requires the production of prior statements of <u>all</u> witnesses, except for those of Defendant. Defendant has not provided the United States with any documents or statements. Accordingly, the United States intends to object at trial and ask this Court to suppress any evidence at trial which has not been provided to the United States.

### III

### CONCLUSION

For the foregoing reasons, the United States respectfully asks that the Court grant its motions.

DATED: August 1, 2008.

                            Respectfully submitted,

                            KAREN P. HEWITT
                            United States Attorney

                            */s/ Rebecca Kanter*

                            REBECCA S. KANTER
                            Assistant U.S. Attorney

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,    ) | Case No. 08CR0094-JLS |
|---|---|
| Plaintiff,    ) | |
| ) | **CERTIFICATE OF SERVICE** |
| v.    ) | |
| ) | |
| EZEQUIEL MANZO-GAITAN,    ) | |
| ) | |
| Defendant.    ) | |

IT IS HEREBY CERTIFIED that:

I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of UNITED STATES' MOTIONS IN LIMINE on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert Schelin, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 1, 2008.

/s/ *Rebecca Kanter*
REBECCA S. KANTER